## NEBLETT v. UNITED STATES.
### No. 6843.

Circuit Court of Appeals, Ninth Circuit.
Dec. 14, 1932.

See, also, In re Purkett, Douglas & Co. (D. C.) 50 F.(2d) 435.

Le Compte Davis, Flint & MacKay, Robert B. Jackson, and B. H. Neblett, all of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and P. V. Davis, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, SAWTELLE and MACK, Circuit Judges.

PER CURIAM.

Appellant was indicted for criminal contempt for violating injunctive order of March 11, 1931, issued by the District Court at the time the court made an order adjudicating the Dollar Oil Corporation a bankrupt. The purpose of the order was to prohibit the sale of certain bonds pledged to the appellant as collateral security for a loan of $50,000 upon which $45,000 was still due.

We are satisfied that the order of March 11, 1931, was superseded by subsequent orders made by the referee in bankruptcy wherein a similar injunctive order was made on the 14th day of April, 1931, to continue until five days after the appointment of a trustee. Trustee was elected on April 15, 1931. On April 20 the trustee in bankruptcy brought a plenary suit in the United States District Court wherein a temporary injunction was prayed for, but no motion therefor was made, and on May 2, 1931, the case was dismissed. In the meantime, on April 24, 1931, a similar action was begun in the superior court of the state, but here no motion was made for an injunction and none issued. On April 27, 1931, the appellant sold the bonds pledged to him.

It appears from the entire record that it was the understanding of the appellant and the trustee and the referee that the order of the referee limiting the time for which the injunction was to be in force was binding upon all the parties, for it was stipulated by the trustee and by the appellant before the referee, at the time of the issuance of the injunction for a limited period, that such injunction should be so issued.

This proceeding is entirely inconsistent with the theory that an injunction was already in effect until the further order of court unless the order of the referee be deemed to be such an order by the court.

Reversed and dismissed.